Not for Publication

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TYRELL L. HICKS,** | **Civil Action No.: 24-10430 (ES) (MAH)** |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **WILLIAM KLOOS, *et al.*,** | |
| **Defendants.** | |

SALAS, DISTRICT JUDGE

It appearing that:

     1.    Before the Court is an application to proceed *in forma pauperis* ("IFP") filed by *pro se* plaintiff Tyrell L. Hicks ("Plaintiff"). (D.E. No. 2). Plaintiff brings this action against defendants Piscataway Police Department Officers William Kloos ("Officer Kloos"), Hakeem Abdullah ("Officer Abdullah"), and Michael Smith ("Officer Smith") (together, "Defendants").[1] (*See generally* D.E. No. 1 ("Complaint" or "Compl.")).

     2.    28 U.S.C. § 1915 ensures that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). In order to proceed IFP, a litigant must show that he "cannot because of his poverty 'pay or give security for the costs [] and still be able

---

[1] Plaintiff also names the following as fictitious defendants in his Complaint: "John/Jane Doe, Piscataway Auto and Truck Towing," "John/Jane Doe, Piscataway Twp. Police Department," "John/Jane Doe, Piscataway Township," "John/Jane Doe, owner/employee, Piscataway Auto & Truck Towing," "John/Jane Doe, Chief of Police, Piscataway Police Department," and "John/Jane Doe, Piscataway Council, Piscataway Council Municipal Bldg." (together, "Fictitious Defendants"). (*See generally* Compl.).

to provide' himself and dependents 'with the necessities of life.'" *Id*. at 339.

3.      Based on Plaintiff's IFP application, made under penalty of perjury, the Court finds he cannot both pay the filing fee and still be able to provide himself with the necessities of life. Accordingly, the Court **GRANTS** Plaintiff's IFP application.

4.      Having granted Plaintiff's IFP application, the Court next screens Plaintiff's Complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) before permitting service of process. *See Burrell v. Loungo*, 750 F. App'x 149, 154 (3d Cir. 2018). When an individual proceeds IFP, "the statute instructs the District Court to 'dismiss the case *at any time* if the court determines that . . . [the complaint] fails to state a claim on which relief may be granted.'" *Harris v. Bennett*, 746 F. App'x 91, 93 (3d Cir. 2018) (alteration in original) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)). Courts have "the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019).

5.      The Court is more forgiving of complaints filed *pro se* and construes the allegations of *pro se* litigants liberally. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Court, however, need not "credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). The Court must dismiss any claim that (i) "is frivolous or malicious," (ii) "fails to state a claim on which relief may be granted," or (iii) "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). "When considering whether to dismiss a complaint for failure to state a claim pursuant [to] § 1915(e)(2)(B)(ii), the District Court uses the same standard it employs under Fed. R. Civ. P. 12(b)(6)." *Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020).

6.     To survive dismissal under Rule 12(b)(6), the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and a claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (first quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010); and then quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]hreadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements" are all disregarded. *Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878–79 (3d Cir. 2018) (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)).

7.     A complaint must also comply with Rule 8. Rule 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim[s] showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 8 further requires that the complaint set forth the plaintiff's claims with enough specificity as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Thus, the complaint must contain "sufficient facts to put the proper defendants on notice so that they can frame an answer" to the plaintiff's allegations. *See Dist. Council 47, Am. Fed'n of State, Cnty. & Mun. Emps., AFL–CIO by Cronin v. Bradley*, 795 F.2d 310, 315 (3d Cir. 1986).

8.     A complaint may be dismissed pursuant to Rule 8 "where the 'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Ruther v. State Ky. Officers*, 556 F. App'x 91, 92 (3d Cir. 2014) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). Thus, dismissal is proper where a complaint is "illegible, incomprehensible, indecipherable, or largely unintelligible." *Edwards v. Under Color of State L.*

3

*Trenton State Prison*, No. 23-0107, 2023 WL 6938233, at *2 (D.N.J. Oct. 20, 2023) (first citing *Ruther*, 556 F. App'x at 92; and then citing *Elliot v. Point Breeze Station Mail Dep't*, 711 F. App'x 71, 72–73 (3d Cir. 2017)); *see also Scibelli v. Lebanon Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007); *Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007).

9.     Here, Plaintiff alleges Defendants "fraudulently issued traffic citations," "untruthfully alleg[ed] parking violations and vehicle abandonment," "illegally impounded/seized [his] motor vehicle," engaged in "abuse of process," and conspired to deprive him of his property. (Compl. at 3–11[2]).  Essentially, Plaintiff alleges Defendants wrongfully impounded his vehicle and have subsequently refused to release his vehicle to both the vehicle's alleged co-owner and one of Plaintiff's family members, whom Plaintiff says he authorized to retrieve the vehicle.  (*See id.*).  Plaintiff brings claims against Defendants for alleged violations of 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986, and an alleged violation of the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-2 (the "NJCRA").  (*Id.* at 2).  However, Plaintiff's factual allegations in the Complaint fail to meet the above standards and fail to state a viable claim against Defendants.  (*See generally id.*).

10.     ***First***, with respect to Plaintiffs' alleged § 1981 and § 1982 claims, Plaintiff fails to state a claim under those statutes.  Section 1981 "prohibits racial discrimination in the making and enforcement of contracts and property transactions[.]"  *Brown v. Philip Morris Inc.*, 250 F.3d 789, 796 (3d Cir. 2001) (citing 42 U.S.C. § 1981(a)).  Similarly, Section 1982 "prohibits racial discrimination in transactions relating to real and personal property[.]"  *Id.* at 797 (citing 42 U.S.C. § 1982).  To state a claim under § 1981, a plaintiff must allege facts supporting "the following elements: (1) that plaintiff is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities

---

[2]     All pin cites herein to the Complaint (D.E. No. 1) are to the page numbers automatically generated by this Court's CM/ECF system.

enumerated by the statute, which includes the right to make and enforce contracts." *Saunders v. Art Council of Princeton*, No. 21-1118, 2021 WL 6124315, at *2 (3d Cir. Dec. 28, 2021) (citation omitted). To state a claim under § 1982, "a plaintiff must allege facts that raise 'a plausible inference of (1) the defendant's racial animus; (2) intentional discrimination; and (3) that the defendant deprived plaintiff of his rights because of race." *Id.* (citation omitted). "Although not identical, the requisite elements of claims under §§ 1981 and 1982 are quite similar[,]" and "[i]n neither case need a plaintiff allege state action on the part of the defendant." *Philip Morris, Inc.*, 250 F.3d at 797 (citation omitted). Here, Plaintiff does not allege any facts in his Complaint raising any plausible inference of discrimination on the basis of race. (*See generally* Compl.). Therefore, Plaintiff's § 1981 and § 1982 claims are **DISMISSED** *without prejudice* for failure to state a claim.

11. ***Second***, with respect to Plaintiff's alleged § 1985 and § 1986 claims, Plaintiff likewise fails to state a claim under those statutes. "Section 1985(1) prohibits two or more persons from interfering with a federal officer's performance of his duties, and Section 1985(2) prohibits conspiracies to obstruct justice and to intimidate litigants and witnesses." *Robinson v. Pa. Dep't of Corr.*, No. 19-1689, 2019 WL 2106204, at *2 (E.D. Pa. May 13, 2019), *aff'd sub nom.*, 851 F. App'x 289 (3d Cir. 2021) (quoting *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 423 n.1 (3d Cir. 2003)). "Section 1985(3) prohibits conspiracies motivated by race- or class-based animus to deprive a person or class of persons of equal protection of the laws." *Id.* (first citing *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997), and then citing *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006)). "It is well established that § 1985(3) does not itself create any substantive rights; rather, it serves only as a vehicle for vindicating federal rights and privileges which have been defined elsewhere." *Philip Morris Inc.*, 250 F.3d at 805 (citing *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 376 (1979)). Section 1986 "constitutes an additional

safeguard for those rights protected under 42 U.S.C. § 1985, and 'transgressions of § 1986 by definition depend on a preexisting violation of § 1985.'" *See id.* (quoting *Clark v. Carbaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994)).  A § 1986 plaintiff must show (i) "the defendant had actual knowledge of a § 1985 conspiracy"; (ii) "the defendant had the power to prevent or aid in preventing the commission of a § 1985 violation"; (iii) "the defendant neglected or refused to prevent a § 1985 conspiracy"; and (iv) "a wrongful act was committed."  *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994).

12.    Here, Plaintiff does allege any facts related to interference with a federal officer's performance of his duties, conspiracies to obstruct justice or intimidate litigants or witnesses, or conspiracies motivated by race- or class-based animus.  (*See generally* Compl.).  Rather, Plaintiff conclusorily alleges Defendants conspired to deprive him of his property, that Officer Abdullah "conspired with other officers to illegally impound/seize [his] vehicle," and that an unknown employee at Piscataway Auto & Truck Towing "conspir[ed] with the police department."  (Compl. at 7, 10).  None of the facts alleged in the Complaint plausibly state any kind of conspiracy in violation of § 1985 or § 1986, nor do any facts show Plaintiff suffered harm in connection with, or as a result of, any racial or other invidious discrimination.  Therefore, Plaintiff's § 1985 and § 1986 claims are likewise **DISMISSED** *without prejudice* for failure to state a claim.  *See, e.g.*, *Robinson*, 2019 WL 2106204, at *2 (dismissing plaintiffs' alleged § 1981, § 1982, § 1985, and § 1986 claims as "legally baseless" where plaintiffs did not raise any "allegations of race discrimination, a conspiracy motivated by race- or class-based animus, an interference with federal officials' duties, or any conspiracies to obstruct justice"); *see also Jackman v. McMillan*, 232 F. App'x 137, 138 n.2 (3d Cir. 2007) (per curiam) (noting that a plaintiff's alleged violations of § 1981, § 1982, § 1985(3), and § 1986 "are plainly inapplicable because [he] has not alleged any

private acts of racial discrimination, invidious class-based discriminatory animus, [or] knowledge of a § 1985 conspiracy" and accordingly confining its analysis to plaintiff's alleged § 1983 violation (citations omitted)).

13.     ***Third***, with respect to Plaintiff's alleged § 1983 claim, Plaintiff similarly fails to state a claim under that statute.  Section 1983 provides a cause of action against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected" any person to the deprivation of any right protected by federal law or the United States Constitution.  42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Williams v. Patrick*, No. 18-9593, 2021 WL 5506922, at *3 (D.N.J. Nov. 24, 2021) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).  "[O]nly state action can give rise to liability under § 1983[.]" *Lindke v. Freed*, 601 U.S. 187, 193 (2024).  "Moreover, '[o]nly those defendants whose inactions or actions personally caused [a plaintiff's] injur[ies] may be held liable under § 1983.'" *Mesadieu v. City of Elizabeth*, No. 18-0842, 2019 WL 4926884, at *5 (D.N.J. Oct. 4, 2019) (alterations in original) (quoting *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990)).  Put another way, "to prevail in a civil rights action, a plaintiff must demonstrate that the defendant was personally involved in the alleged wrongful conduct; liability cannot be predicated solely on the operation of *respondeat superior*." *Id.* (quoting *Kornegey v. City of Philadelphia*, 299 F. Supp. 3d 675, 680 (E.D. Pa. 2018)).  "[P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.*

14.     Further, to be liable under § 1983, a defendant must be a "person" within the meaning of the statute. *See* 42 U.S.C. § 1983.  The Supreme Court has held that "neither a State

nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Pol.*, 491 U.S. 58, 71 (1989).

15.     Here, Defendants—i.e., Officer Kloos, Officer Abdullah, and Officer Smith—acting in their official capacities are not "persons" under § 1983, and thus, Plaintiff cannot maintain a § 1983 action against them in their official capacity. "[T]he Supreme Court has held that a suit against a municipal officer in his or her official capacity is a suit directed against the municipal entity that officer represents." *Turner v. City of Philadelphia*, 22 F. Supp. 2d 434, 439 (E.D. Pa. 1998) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). "[U]nlike suits against officers in their personal capacities, in which plaintiffs seek to impose personal liability on a government official for actions taken under color of state law, official-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* (citation omitted).

16.     To the extent Plaintiff is alleging claims against Defendants in their individual capacities, Plaintiff fails to plausibly allege how Defendants deprived him of a constitutional or other federally protected right. (*See generally* Compl.). The essence of Plaintiff's claims stems from Defendants' alleged unlawful impoundment of his vehicle, but he has not plausibly alleged how Defendants' actions deprived him of a constitutional or other federally protected right, nor has he identified with specificity which right or rights Defendants each purportedly violated. (*See id.*). Therefore, Plaintiff's § 1983 claim is similarly **DISMISSED** *without prejudice* for failure to state a claim.

17.     Additionally, to the extent Plaintiff also asserts claims for failure to train or supervise, these claims must also be dismissed because the facts alleged in the Complaint have not established an underlying constitutional violation. *See McCann v. Borough of Magnolia*, 581 F.

App'x 125, 126 (3d Cir. 2014) (stating "West Chester cannot be vicariously liable under *Monell* [*v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)] unless one of [its] employees is primarily liable under section 1983 itself." (citing *Williams v. Borough of West Chester*, 891 F.2d 458, 467 (3d Cir. 1989))).

18.     Having dismissed all of Plaintiff's federal claims in his Complaint, the Court declines supplemental jurisdiction over Plaintiff's remaining state law claim under the NJCRA, and thus, Plaintiff's NJCRA claim is **DISMISSED** *without prejudice* for lack of subject matter jurisdiction.

19.     Lastly, with respect to Plaintiff's alleged claims against the Fictitious Defendants, Third Circuit "case law makes it clear that 'an action cannot proceed solely against unnamed parties.'" *Davidson v. Corr. Med. Servs., Inc.*, No. 08-3580, 2008 WL 5330544, at *5 (D.N.J. Dec. 15, 2008) (quoting *Hines v. FDIC*, 137 F.3d 148, 155, 159 (3d Cir. 1998)); *see also Phillips v. Superintendent Chester SCI*, 739 F. App'x 125, 131 (3d Cir. 2018) ("Once the District Court dismissed all of the claims against the named defendants, this claim against the Doe Defendants could not proceed.").  Therefore, having dismissed all claims against the named Defendants, the Court also **DISMISSES** *without prejudice* all claims against the Fictitious Defendants.

Accordingly, for the foregoing reasons and for good cause shown,

**IT IS** on this 21st day of April 2025,

**ORDERED** that Plaintiff's IFP application (D.E. No. 2) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (D.E. No. 1) is **DISMISSED** *without prejudice*; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint curing the deficiencies addressed herein; and it is further

9

**ORDERED** that failure to comply with this Order may result in the dismissal of this matter

*with prejudice*; and it is further

**ORDERED** that the Clerk of Court shall mail a copy of this Order to Plaintiff by regular

U.S. Mail; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter.


_s/ Esther Salas_
**Esther Salas, U.S.D.J.**

10